# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAVIER HERNANDEZ-CONDE and FRANCISCO DELGADO, *et al.* | § § § § | |
| *Plaintiffs*, | § § | CIVIL ACTION NO. |
| v. | § § | 5:20-cv-1118 |
| IWC HOLDINGS OF TEXAS, LLC, D/B/A/ BUILDER'S INSULATION | § § § § | ECF |
| *Defendant.* | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The Defendant employed the Plaintiffs to work manual labor, installing insulation. The Plaintiffs would regularly work over forty hours a week, and the Defendant knew this. However, the Defendant willfully and regularly denied the Plaintiffs and their co-workers overtime for the hours they worked the fortieth hour of their workweek. Additionally, the Defendant never established a regular rate of pay for its employees, and engaged in other violations of the Fair Labor Standards Act (FLSA). Because of this, Plaintiffs bring suit against their former employer under the FLSA, 29 U.S.C. §§ 206, 215, *et seq.* to recover their lost wages and damages.

## I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs are individuals who reside in Bexar County, Texas.

2. At all times relevant to this action, Plaintiffs were employed by the Defendant and in an enterprise engaged in commerce or the production of goods for commerce.

3. Plaintiffs bring this action on behalf of themselves and other similarly situated employees pursuant to 29 U.S.C. § 216(b). Plaintiffs and the similarly situated employees are individuals who were, or are, employed by Defendant as within the past three years. The putative class has been "engaged in commerce" as required by the FLSA, 29 U.S.C. §§ 206-07.

4. At all times relevant to this action, Plaintiffs performed work within this District.

5. Defendant is a Texas limited liability company conducting business in the State of Texas with a principle place of business located at 6696 Tri County Pkwy., Schertz, Texas 78154.

6. Defendant may be served through its registered agent, C T Corporation System at 1999 Bryan St., Ste. 900, Dallas, Texas.

7. At all times relevant to this action, Defendants employed the Plaintiff within the meaning of 29 U.S.C. § 203(g).

8. Jurisdiction is conferred upon this court by 28 U.S.C. § 1331, this case arises under the laws of the United States, 28 U.S.C. § 1337, this action arises under an Acts of Congress regulating commerce, and 29 U.S.C. § 216(b), this action arises under the FLSA 29 U.S.C. § 201 *et seq*.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

10. Venue is proper in the district and division under 28 U.S.C. § 1391(b).

## II. FACTUAL BACKGROUND

11. The Defendant is engaged in an enterprise which installs insulation.

12. The Plaintiffs worked for the Defendant for about the past decade before their employment with the Defendant ceased.

13. While employing the Plaintiffs, the Defendant failed to pay the Plaintiffs in a legal and proper manner.

14. Examples of failure to properly pay the Plaintiffs include:

    a. Failure to establish and pay the Plaintiffs a set hourly rate;

    b. Failure to pay Plaintiffs overtime for hours worked beyond forty hours in a regular work week; and

    c. Failure to timely pay the Plaintiffs for their work.

15. The Defendant's conduct in the above-paragraph occurred consistently throughout their employment with the Defendant.

    A. Defendant did not pay Plaintiffs a usual and customary hourly rate.

16. Defendant would pay the Plaintiffs weekly varying amounts.

17. However, the Plaintiffs would never know what amount of wages they would receive or why they received the amount they did.

18. To the Plaintiffs' knowledge, the Defendant kept no record of the hours they worked on any of the projects.

19. Defendant never asked the Plaintiffs to track their workhours or otherwise document time spent working.

20. Plaintiffs regularly worked over forty hours in a week.

21. Defendant knew Plaintiffs regularly worked over forty hours in a week.

22. The Defendants knew they had to pay the Plaintiffs for they work they performed.

23. Defendants knew they had to pay the Plaintiffs for the overtime work they performed.

24. The Defendants knew they permitted and required the Plaintiffs to work without pay.

25. Despite knowing the above, the Defendant still engaged in the conduct which deprived the Plaintiffs of their duly-earned wages.

### III. CAUSES OF ACTION

*A.  FAIR LABOR STANDARDS ACT – WAGE CLAIMS*

26. Plaintiff realleges and incorporates the allegations contained in the Paragraphs above as if restated herein.

27. All conditions precedent to the filing of this action have occurred or have been fulfilled.

28. The Defendants violated 29 U.S.C. § 201, *et seq.* by failing to pay the Plaintiffs at all, by failing to pay the Plaintiffs the applicable minimum wage for every compensable hour labor they performed, and by failign to pay the Plaintiffs overtime for every compensable hour of labor they performed beyond forty hours in a workweek.

29. The Defendants' failures to pay the Plaintiff his mandated minimum wages were willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

30. As a result of the unlawful actions of Defendants as described above, Plaintiff has suffered, and will continue to suffer, actual damages and liquidated damages in the form of lost wages (salary and commissions) and cause the Plaintiff to incur reasonable and necessary attorney's fees.

31. As a consequence of the Defendants' violations of the FLSA, the Plaintiff is entitled to recover his unpaid minimum and overtime wages, plus an additional equal amount in liquidated damages, costs of suit, and reasonable attorney's fees pursuant to 29 U.S.C. § 216(b).

## IV.  JURY DEMAND

32. Plaintiff hereby makes a demand for a trial by jury on all issues, claims and defenses in this action.

## V.  PRAYER

33. WHEREFORE, Plaintiff, Mr. Smith, respectfully requests that the above-named Defendant, be cited to appear in this matter and that:

   A. The Court issue a declaratory judgment against Defendants for willfully violating the Fair Labor Standards Act;

   B. After jury trial by proof, he be awarded:

      i. His unpaid minimum wages, overtime wages, and an equal amount in liquidated damages;

ii. Judgment against Defendants for Plaintiff's reasonable attorney's, experts' fees, and costs of suit; and

iii. Prejudgment and post-judgment interest as allowed by law; and

iv. Such other and further legal and/or equitable relief to which Plaintiff may be justly entitled, as this court may deem proper.

Respectfully submitted,
Date: September 18, 2020

Evan Lange Law, PLLC
14015 Southwest Fwy. #14
Sugar Land, Texas 77478
713.909.4558-telephone

By: */s/ Evan B. Lange*
Evan B. Lange
Texas Bar No. 24098021
evan@evanlangelaw.com