IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JAVIER HERNANDEZ-CONTE,<br>*Plaintiff*<br><br>-vs-<br><br>IWC HOLDINGS OF TEXAS, LLC,<br>*Defendant* | SA-20-CV-01118-XR |

## ORDER

On this day, the Court considered Defendant's Motion to Dismiss Plaintiffs' Complaint, (ECF No. 5), Plaintiffs' Response (ECF No. 10), and Defendant's Reply (ECF No. 12). After careful consideration, the Court issues the following Order.

## BACKGROUND

This case arises out of Defendant's alleged withholding of Plaintiff's properly earned overtime pay. Plaintiff Javier Hernandez-Conde alleges that Defendant IWC Holdings of Texas, LLC, is a company that installs insulation and Plaintiff's employer. ECF No. 1 ¶¶ 11–12. He asserts that throughout his employment, Defendant failed to establish and pay Plaintiff at a set hourly rate, failed to pay Plaintiff a proper overtime rate, and failed to timely pay Plaintiff for his work. *Id.* ¶¶ 13–15.

On September 18, 2020, Plaintiff filed his Complaint alleging causes of action under the Fair Labor Standards Act ("FLSA") on behalf of himself and all other similarly situated employees. ECF No. 1. On November 24, 2020, Plaintiff filed his First Amended Complaint, which removed an original named plaintiff from the case. ECF No. 4. On December 1, 2020, Defendant filed the instant Motion to Dismiss. ECF No. 5.

1

**DISCUSSION**

**I.        Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155*, 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. LLC v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (internal quotation marks and citations omitted).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 US at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

## II. Analysis

Defendant makes four arguments in support of its motion to dismiss: (1) that Plaintiff fails to allege sufficient facts to support a claim for violation of the FLSA; (2) that Plaintiff fails to sufficiently allege facts supporting a finding that similarly situated class members exist; (3) that Plaintiff fails to adequately allege that Defendant knowingly violated the FLSA; and (4) that only Plaintiff's overtime and minimum wage violations are cognizable under the FLSA. However, the Court declines to rule on these arguments because it grants Plaintiff's motion for leave to file a Second Amended Complaint.

### a. Plaintiff's Motion for Leave to File a Second Amended Complaint is Granted.

In its response briefing, Plaintiff alternatively argues that he should be permitted to file a Second Amended Complaint if the Court grants Defendant's Motion to Dismiss. Defendant opposes this motion. ECF No. 11. Defendant argues that the motion should be denied because the amendment would be futile and would not save Plaintiff's claims. *Id*. at 3–4. Although a court should freely grant leave to amend a pleading, it need not do so when amendment would be "futile." *Labaty v. UWT, Inc*., No. SA-13-CV-389-XR, 2013 WL 4520562, at *3 (W.D. Tex. Aug.

26, 2013) "The Court addresses this issue by conducting a 12(b)(6)-like analysis of the claims." *Id*.

### i. Plaintiff's Recordkeeping Claim

Defendant asserts that Plaintiff's claim of a recordkeeping violation is futile because there is no private right of action for an FLSA violation on the theory that Defendant failed to comply with the recordkeeping obligations prescribed in 29 C.F.R. § 516.6. *Id*. ¶ 4. "Defendants are correct in their assertion that the FLSA does not provide a private right of action for recordkeeping violations of the Act." *Perez v. T.A.S.T.E. Food Products, Inc.*, No. 5:13-CV-655-DAE, 2014 WL 412327, at *5 (W.D. Tex. Feb. 3, 2014). However, in *Perez*, Judge Ezra appropriately noted that an employer's recordkeeping practices may corroborate an employee's claim of willful violation of the FLSA. *Id*. There, as here, the plaintiffs alleged that the defendants' conduct was willful and intended to use evidence of the defendants' recordkeeping violations to support a claim of willfulness. *Id*. Thus, although the court dismissed the plaintiffs' recordkeeping claim, it allowed the plaintiffs to present evidence of alleged recordkeeping violations to support their overtime wage violations. *Id*. at *6.

This Court will do so here. Plaintiff's claim of a recordkeeping violation will be dismissed insofar as it stands as a distinct cause of action. However, Plaintiff will be permitted to present evidence of Defendant's recordkeeping practices to support his remaining claim for violation of the FLSA's overtime wage provisions.

### ii. Plaintiff's Allegation of Willfulness

Defendant next argues that Plaintiff does not properly allege that Defendant willfully violated the FLSA. ECF No. 11 at 5. It asserts that Plaintiff's Second Amended Complaint does

not allege facts tending to show that Defendant knew it was engaging in conduct prohibited by the FLSA. *Id*.

"An employer willfully violates the FLSA if it 'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'" *Ikossi-Anastasiou v. Bd. of Supervisors of Louisiana State Univ*., 579 F.3d 546, 552 (5th Cir. 2009) (citing *McLaughlin v. Richland Shoe Co*., 486 U.S. 128, 133 (1988)). Here, Plaintiff's Second Amended Complaint alleges that on a typical day he would arrive at work around 6:00 a.m. or 7:00 a.m. and work until 5:00 p.m. or 6:00 p.m., and would often have workweeks of 60–70 hours. ECF No. 10 at 58. He alleges that Defendant knew Plaintiff worked more than 40 hours per week and that Plaintiff was not exempt from the overtime provisions of the FLSA, but nonetheless did not pay Plaintiff the proper overtime rate. *Id*. at 59. He also alleges that this refusal was willful. *Id*. at 60.

Courts have denied motions to dismiss FLSA claims on similar allegations of willfulness. *See e.g., Heilman v. COSCO Shipping Logistics (N. Am.) Inc*., No. CV H-19-1695, 2020 WL 1452887, at *2 (S.D. Tex. Jan. 22, 2020), report and recommendation adopted, No. 4:19-CV-1695, 2020 WL 1650824 (S.D. Tex. Mar. 24, 2020) (finding allegations that "Defendant was aware that [plaintiff] was performing such compensable work . . . [and] Defendant failed and refused to compensate [the plaintiff]" sufficient to overcome a motion to dismiss). Further, plaintiffs generally are not required to prove willfulness without the benefit of discovery, and ruling on allegations of willfulness at the motion to dismiss stage are disfavored. *See Craven v. Excel Staffing Serv., Inc*., No. CIV.A. H-12-2860, 2014 WL 345682, at *8 (S.D. Tex. Jan. 30, 2014). Accepting Plaintiff's allegations as true, as the Court must, the Court holds that Plaintiff's allegation of willfulness survives Defendant's motion to dismiss and amendment is not futile.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file a Second Amended Complaint (ECF No. 10) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is permitted to file a Second Amended Complaint alleging a violation of the FLSA's overtime wage provisions, but his cause of action for a recordkeeping violation is dismissed as futile. Defendant's motion to dismiss (ECF No. 5) is **DISMISSED AS MOOT**.

It is so **ORDERED**.

**SIGNED** this January 19, 2021.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE